# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **ROSELYN RAYFORD** <br> 2413 Cheyenne Blvd. #79 <br> Toledo, Ohio 43614 | * <br><br> * | Case No. <br><br> Judge |
| Plaintiff, <br> v. | * <br><br> * | **COMPLAINT; JURY DEMAND ENDORSED HEREON** |
| **OHIO DEPARTMENT OF MENTAL HEALTH AND ADDICTION SERVICES— NORTHWEST OHIO PSYCHIATRIC HOSPITAL** <br> 930 S. Detroit Ave <br> Toledo, Ohio 43614 <br><br> and <br><br> **CHRISTOPHER LINK,** <br> individually and in his official capacity as Human Resources for the Ohio Department of Mental Health and Addiction Services—Northwest Ohio Psychiatric Hospital <br> 930 S. Detroit Ave <br> Toledo, Ohio 43614 <br><br> and <br><br> **TIM JONES,** individually and in his official capacity as Human Resources for the Ohio Department of Mental Health and Addiction Services— Northwest Ohio Psychiatric Hospital <br> 930 S. Detroit Ave <br> Toledo, Ohio 43614 <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | Francis J. Landry  (0006072) <br> **WASSERMAN, BRYAN, LANDRY & HONOLD LLP** <br> 1090 W. South Boundary St <br> Suite 500 <br> Perrysburg, Ohio 43551 <br> Telephone:  (419) 243-1239 <br> Facsimile:  (419) 243-2719 <br> Attorney for Plaintiff <br> Roselyn Rayford |

\*   \*   \*   \*   \*   \*   \*   \*   \*

**JURISDICTION AND VENUE**

1. 1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, 1343, 2201, and 2202. This action is also for a violation of 42 USC 1983. Venue of this Court is proper pursuant to 28 U.S.C. § 1391.

**PARTIES**

2. Plaintiff, Roselyn Rayford is a female citizen of the United States and a resident of the City of Toledo, and the County of Lucas, who was employed by Defendant.

3. Defendant OhioMHAS is a department of the state of Ohio, operating regional psychiatric hospitals in Ohio, one of which is the Northwest Ohio Psychiatric Hospital ("NOPH") located in Toledo, Ohio. Defendants Link and Jones are Human Resources representatives of OhioMHAS operating both in their official and individual capacities.

**NATURE OF THE CASE**

4. Plaintiff brings this action for damages for an unlawful discrimination. Plaintiff alleges that in terminating her, the Defendant did so in violation of 42 USC 1983

**FACTS**

5. Plaintiff began her employment with the State of Ohio in 1989. On May 27, 2008 she was hired as a Psychiatric/MR Nurse for Defendant ("OhioMHAS") at it NOPH location. Her job was retitled on October 14, 2025 to Psychiatric/DD Nurse, a position she held until her termination on October 8, 2022.

6. Plaintiff performed her job well, and was a highly rated and skilled member of Defendant's staff.

7. In August of 2022, Plaintiff was assaulted by a neighbor. Her neighbor spit on her, and body checked her.

8. The assault was not the first time this neighbor had assaulted Plaintiff. The neighbor had an ongoing pattern and practice of assaulting Plaintiff.

9. Plaintiff's co-workers were aware of the abuse and assaults by Plaintiff's neighbor.

10. In August, Plaintiff defended herself against her neighbor. Plaintiff's neighbor video recorded Plaintiff defending herself, but left out the instigation (the spitting and body checking). The neighbor then forwarded the video to Defendants.

11. Defendants held a pre-disciplinary conference on September 20, 2022.

12. On September 27, 2022, Defendants signed a removal letter to terminate Plaintiff's employment even though the self defense by Plaintiff did not occur on state property, the assailant was not a patient or a patient's family member, and Plaintiff was not wearing any insignia identifying her as an employee of Defendant OhioMHAS. Her employment ended on October 8, 2022.

13. Defendants allegedly terminated Plaintiff for a violation of Rule 4.3 "Inappropriate communication/correspondence with a member of the public or staff," and Rule 4.20 "Inappropriate behavior of OhioMHAS Policy HR-22, Code of Conduct and General Rules."

**FIRST CLAIM FOR RELIEF**
**Race Discrimination—42 USC 1983 Equal Protection**

14. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through thirteen (13) of this Complaint, supra, by reference in its entirety as if fully restated herein.

15. Plaintiff is an African American individual.

16. Plaintiff states that she was well qualified for her position given her education and experience, and at all times she was meeting or exceeding legitimate employer expectations.

17. Defendants held a pre-disciplinary conference on September 20, 2022. On September 27, 2022, Defendants signed a removal letter to terminate Plaintiff's employment. Her employment ended on October 8, 2022.

18. Defendants allegedly terminated Plaintiff for a violation of Rule 4.3 "Inappropriate communication/correspondence with a member of the public or staff," and Rule 4.20 "Inappropriate behavior of OhioMHAS Policy HR-22, Code of Conduct and General Rules." However, the reasons advanced by Defendants were false and pretextual, as the self defense by Plaintiff did not occur on state property, did not occur during working hours, the assailant was not a patient or a patient's family member, and Plaintiff was not wearing any insignia identifying her as an employee of Defendant OhioMHAS.

19. Caucasian employees were treated more favorably in that they were not terminated over similar issues, and were not terminated when violations of the same rules occurred while at work during working hours.

20. Plaintiff states that Defendants had no legitimate business reason for discriminating against her.

21. Defendant OhioMHAS is a department of the state of Ohio, and Defendants Link and Jones are human recourses for OhioMHAS, operating in their official and individual capacities. At all times material hereto, Defendants were acting under the control of that department as a state actor. Furthermore, acting under color of state law, Defendants denied Plaintiff equal protection when it followed a custom and/or policy of inadequately investigating serious charges against Plaintiff before terminating her employment.

22. Plaintiff states that in terminating her employment, Defendants have intentionally discriminated against her on the basis of her race in violation of 42 USC 1983.

23.     As a proximate result of the actions of Defendants as complained of herein, Plaintiff has suffered the loss of her job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to her damage.  Plaintiff has also been forced to expend litigation expenses.

**WHEREFORE,** Plaintiff prays for an injunctive order reinstating her to her position with Defendant OhioMHAS with full back pay, seniority and benefits, or in the alternative, for an award of front pay in lieu of reinstatement.  Plaintiff further demands a judgment against Defendants for compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment plus her costs, interest and reasonable attorney fees.  Plaintiff also seeks prejudgment and post judgment interest.  Plaintiff further prays for whatever other legal or equitable relief she may appear to be entitled to.

Respectfully submitted,

**WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**

/S/Francis J. Landry
Francis J. Landry, Attorney for
Plaintiff, Roselyn Rayford

### JURY DEMAND

Plaintiff demands a jury trial as to all issues so triable in the within cause.

/S/Francis J. Landry
Francis J. Landry